Shuman Sohrn (Fla. Bar No. 669989)
U.S. Securities and Exchange Commission
100 F Street, NE, Mail Stop 5628
Washington, DC 20549
Tel: 202-551-8472
Email: sohrns@sec.gov
Facsimile: 202-304-1469

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NOTIS GLOBAL, INC., (f/k/a MEDBOX, INC.), VINCENT MEHDIZADEH, BRUCE BEDRICK, YOCELIN LEGASPI, and NEW-AGE INVESTMENT CONSULTING, INC.,<br><br>Defendants. | Case No.: **2:19-cv-01380-JJT**<br><br>**SECURITIES AND EXCHANGE COMMISSION'S MOTION TO SUBSTITUTE AS PLAINTIFF** |

Plaintiff, the United States Securities and Exchange Commission ("SEC" or the "Commission"), with the consent of "Plaintiff"/Defendant Notis Global, Inc. ("Notis"), hereby files its Motion to Substitute as Plaintiff (the "Motion"), and in support of its Motion, states as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On March 19, 2017, the Commission filed its Complaint against, *inter alia*, Defendants Notis and Bruce Bedrick ("Bedrick"), in the U.S. District Court for the

1

Central District of California (the "C.D. Cal.") under case number 2:17-cv-01905-SVW-SK (the "Underlying Action").[1]

2. On December 22, 2017, the C.D. Cal. entered an Amended Final Judgment as to Bruce Bedrick (the "Bedrick Judgment").[2]

3. Among other things, the Bedrick Judgment ordered Bedrick to pay to the Commission a penalty of $200,000 (the "Penalty") "within 365 days from the date of the entry of this Final Judgment." Bedrick Judgment at 5.

4. In addition to the Penalty, the Bedrick Judgment ordered Bedrick to "reimburse Notis Global, Inc. $1,000,000 pursuant to Section 304 of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7243(a) … in two (2) installments. The first installment, in the amount of $333,000.00 shall be paid within thirty (30) calendar days after entry of this Final Judgment. The second installment, in the amount of $667,000.00, shall be paid within 365 days from the date of the entry of this Final Judgment[.]" Bedrick Judgment at 6. Accordingly, in addition to the Penalty payment, Bedrick was obligated to make two installment payments, totaling $1,000,000 (collectively, the "SOX Payments"), on the schedule set forth by the C.D. Cal. Nevertheless, Bedrick did not make the first SOX installment payment timely; rather, he tendered the first installment payment to a U.S.

---

[1] *See* Complaint (Underlying Action at Doc. 1).

[2] *See* Bedrick Judgment (Underlying Action at Doc. 50). A true and correct copy of the Bedrick Judgment was also filed by Bedrick in his Notice of Removal filed with this Court [Doc. 1].

District Court in Michigan on or about March 16, 2018, instead of tendering the first installment payment to Notis on January 22, 2018.

5. With respect to the SOX Payments, the C.D. Cal. required that when Bedrick made any of the required installment payments, Bedrick was required to provide the Commission notice of such payment(s). Bedrick Judgment at 6-7. Further, the C.D. Cal. warned that if Bedrick defaulted under his SOX Payments obligations, "all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court." *Id.* at 7.

6. Although more than 365 days have passed since the entry of the Bedrick Judgment, Bedrick has yet to pay the Penalty or the second installment of the SOX Payments, both of which are now past due. Nor has Bedrick paid any post-judgment interest.

7. The Bedrick Judgment also contains various forms of equitable and injunctive relief imposed by the C.D. Cal. (*see* Bedrick Judgment at 1-5), and expressly reserves the C.D. Cal.'s jurisdiction to enforce the Bedrick Judgment: "IT IS HEREBY FURTHER ORDERED. ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment." *Id.* at 8.

8. On or about February 15, 2019, Notis initiated collection proceedings on the Bedrick Judgment against Bedrick (the "State Court Action") by filing an Affidavit Substantiating a Foreign Judgment (and other documents) in the Superior Court of

Maricopa County, Arizona (the "State Court"). In addition to registering the Bedrick Judgment, Notis sought to initiate Arizona collection proceedings, including post-judgment discovery, through the State Court.

9. On February 27, 2019, Bedrick removed the State Court Action to this Court by filing a Notice of Removal (the "Removal" [Doc. 1]). On February 28, 2019, Bedrick filed his Motion to Transfer Venue (the "Motion to Transfer" [Doc. 7]).

10. On March 14, 2019, Notis filed its Motion to Remand to State Court (the "Motion to Remand" [Doc.12]), which also included Notis's opposition arguments against the Motion to Transfer. Bedrick filed his reply in support of the Motion to Transfer (the "Transfer Motion Reply" [Doc. 13]) on March 25, 2019, and his response to the Motion to Remand (the "Response to Motion to Remand" [Doc. 14]) on April 1, 2019.

11. Because the Commission is the holder of the Bedrick Judgment, Notis consents to its substitution as requested herein.

**ARGUMENT**

As the Bedrick Judgment makes clear, the sole holder of the Bedrick Judgment is the Commission. Although Notis is the intended beneficiary of one portion of the Bedrick Judgment, specifically the SOX Payments, it does not have standing to enforce those obligations, or any other terms in the Bedrick Judgment. Accordingly, the Commission requests that the Court grant its Motion and substitute the Commission as the proper Plaintiff and Judgment Creditor against Bedrick for purposes of enforcing the Bedrick Judgment.

Pursuant to Fed.R.Civ.P. ("Rule") 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest" Rule 17(a)(1). When the plaintiff is not the correct real plaintiff party in interest, Rule 17 permits the Court to grant substitution to avoid prejudice to the underlying parties and claims: "The Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Rule 17(a)(3). "After … substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

Here, the Commission, and not Notis, is the real and proper plaintiff in interest for purposes of enforcing the Bedrick Judgment. Further, because there is no prejudice in permitting the substitution of the Commission as the proper plaintiff in interest, and Notis consents to the Commission's substitution, the Court should grant the Motion so that the Commission may continue the enforcement efforts initiated by Notis.

A. **The Commission Is the Real and Only Plaintiff In Interest.**

"The real party in interest is the person who has the right to sue under the substantive law. In general, it is the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation." *Hinshaw v. U.S.*, 2:15-cv-1847 JWS, 2018 WL 3110012, at *1 (D. Ariz. June 24, 2018) (quoting *Kinman v. Wells Fargo Bank, N.A.*, No. 2:12-cv-02853-MCE, 2013 WL 523092, at *2 (E.D. Cal. Feb. 11, 2013)). Therefore, although Notis is the intended beneficiary of the SOX Payments obligations imposed by the Bedrick Judgment, only the Commission

is the holder of the Bedrick Judgment, and the party with the right to enforce its SOX Payments obligations.

Further, the terms contained in the Bedrick Judgment demonstrate that the C.D. Cal. contemplated that only the Commission could seek judicial enforcement of its terms. For example, with respect to the SOX Payments obligations, the C.D. Cal. made clear that *the Commission* held the right to control enforcement measures, including acceleration rights, if Bedrick failed to make timely SOX Payments: "If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately *at the discretion of the staff of the Commission without further application to the Court*." Bedrick Judgment at 7 (emphasis added). At no point does the Bedrick Judgment, or any other order, judgment, or other filing in the Underlying Action confer upon Notis the right to sue or otherwise enforce any of the terms of the Bedrick Judgment.

Moreover, as a matter of law, there is no private cause of action or remedy for a Section 304 Sarbanes-Oxley Act violation. *See In re Digimarc Corp. Derivative Lit.*, 549 F.3d 1223, 1229-33 (9th Cir. 2008) (holding that there is no express or implied private cause of action for a Section 304 Sarbanes-Oxley claim). Here, the SOX Payments obligations contained in the Bedrick Judgment relate to the Commission's Section 304 Sarbanes-Oxley Act claims only. *See* Bedrick Judgment at 6 ("Defendant shall reimburse Notis Global, Inc. $1,000,000.00 pursuant to Section 304 of the Sarbanes-Oxley Act").

Therefore, as a matter of law, Notis may not enforce the Bedrick Judgment, or even the SOX Payment obligations contained in the Bedrick Judgment.

**B.** **There Is No Prejudice With Granting Substitution.**

There is no prejudice in granting the Commission's Motion and permitting the Commission to stand in as the proper plaintiff in interest. Although Notis was mistaken in assuming it could enforce the Bedrick Judgment, that mistake can be explained and understood by the fact that Notis is a beneficiary of the SOX Payment obligations contained in the Bedrick Judgment. Notis incurred no strategic or unlawful benefit by filing the State Court Action, and Bedrick suffered no unique harm as well.[3] Accordingly, Rule 17 imposes a presumption in favor of allowing substitution: "The purpose of [Rule] 17 is to prevent forfeiture of a claim when an honest or understandable mistake was made in naming a party. The position is consistent with the Ninth Circuit's 'longstanding policy in favor of deciding cases on the merits.'" *Hinshaw*, 2018 WL 3110012 at *2 (quoting in part from *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017)).

Further, there is no prejudice to Notis if the Motion is granted.[4] Granting the Motion will allow the Commission to continue with the post-judgment efforts initiated by

---

[3] To the extent Bedrick asserts that being subject to the State Court Action and other post-judgment efforts have prejudiced him, the Commission notes that Bedrick would face those types of post-judgment activities regardless as a result of the Commission's enforcement efforts.

[4] Bedrick's default under the Bedrick Judgment occurred in December 2018, when he failed to make the penalty payment and the second SOX Payment. Due to the partial federal government shutdown, however, the Commission was temporarily delayed from pursuing post-judgment collection efforts. If the Motion is granted, (Con't.)

7

Notis, and therefore, allow the Commission to collect on the Bedrick Judgment, including the SOX Payment obligations that benefit Notis. Further, because Notis is not the proper plaintiff in interest for purposes of enforcing the Bedrick Judgment, only the Commission's substitution will result in effective collection efforts for the benefit of itself and Notis.

Similarly, granting the Motion will not prejudice Bedrick. If the Motion is granted, and the Commission is inserted as the proper plaintiff in interest, the Commission will withdraw Notis's pending Motion to Remand, as well as Notis's opposition to the transfer requested in Bedrick's Motion to Transfer.[5] Pursuant to Notis's consent to this Motion, if the Commission is substituted in as the plaintiff, Notis will not object to the Commission's consent to transfer this case to the C.D. Cal. for enforcement. Therefore, granting the Motion will advance Bedrick's efforts to remove the Underlying Action to this Court, and then to transfer the action to the court that issued the judgment for purposes of enforcement: the C.D. Cal.

---

the Commission will stand (properly) in place of Notis and utilize all tools available to the Commission to enforce the Bedrick Judgment without delay.

[5] As noted in the Bedrick Judgment, the C.D. Cal. reserved jurisdiction over the defendants in the Underlying Action, as well as the Bedrick Judgment itself for purposes of enforcement. Further, the Bedrick Judgment contains several equitable and injunctive terms that should be enforced by the C.D. Cal.

**C.     Notis Consents to the Motion and the Commission's Enforcement of the Bedrick Judgment.**

Notis consents to and only agrees with the Commission's request to substitute into Notis's position in this matter for the purpose of enforcing the Bedrick Judgment.[6]

## CONCLUSION

Accordingly, the Commission respectfully requests that the Court: (1) grant the Commission's Motion, (2) enter an order: (a) substituting the Commission as the real and only plaintiff in interest; (b) dismissing Notis as a plaintiff from this action; (c) to the extent the Court deems necessary, setting a briefing schedule for the Commission to assert its positions with respect to any pending motions before the Court; and (d) granting such other relief the Court deems necessary.

Dated: April 5, 2019          Respectfully submitted,

/s/ Shuman Sohrn
Shuman Sohrn (Fla. Bar No. 669989)
**U.S. Securities and Exchange Commission**
100 F Street, NE, Mail Stop 5628
Washington, DC 20549
Tel: 202-551-8472
Email: sohrns@sec.gov

CONSENTED TO BY:

/s/ Louis D. Lopez, Jr.
Louis D. Lopez, Jr.
Moyes, Sellers & Hendricks
1850 N. Central Ave., Suite 1100
Phoenix, AZ 85004

---

[6] Notis's consent is not a repudiation of its prior asserted position or a waiver of its rights, if any, under the Bedrick Judgment as an intended beneficiary of the Bedrick Judgment.

602-604-2141
llopez@fclaw.com
***Counsel for NOTIS GLOBAL, INC.***

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2019, I caused a true and correct copy of Plaintiff Securities and Exchange Commission's Motion to Substitute as Plaintiff to be filed with the Clerk of Court through the Court's Electronic Court Filing System (or CM/ECF System), which will automatically send an email notification of such filing to the parties of record.

Dated this 5th day of April, 2019.   /s/ Shuman Sohrn
                                                                                       Shuman Sohrn